IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | | |
|---|---|---|
| WILLIE CASANOVA MOORE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:08-CV-444 CW |
| | ) | |
| v. | ) | District Judge Clark Waddoups |
| | ) | |
| STATE OF UTAH et al., | ) | **MEMORANDUM DECISION** |
| | ) | |
| Respondents. | ) | Magistrate Judge Brooke Wells |

_____

Petitioner, Willie Casanova Moore, an inmate at Utah State Prison, requests habeas corpus relief.[1] The Court denies him relief on two alternative bases: the period of limitation's expiration and procedural default.

## BACKGROUND

Petitioner's state judgment of conviction for kidnaping, with a one-to-fifteen-year sentence, was entered July 13, 2004. This conviction became final on August 12, 2004--the deadline he missed for filing an appeal. On November 20, 2006, Petitioner filed a state petition for post-conviction relief. That petition was dismissed on October 12, 2007, and was not appealed. Petitioner filed this federal petition on May 29, 2008.

He raises the following issues: (1) Ineffective assistance of trial counsel; (2) an erroneous charge made without his knowledge; (3) false imprisonment; (4) due process violations as to the timing of his pretrial hearing(s) before a magistrate

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

judge; (5) lack of medical reports about and photographs of the victim; and (6) his lack of knowledge about his right to appeal.

ANALYSIS

I. Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .[2]

The Court follows this direction by calculating the period of limitation from the final date of conviction, August 12, 2004.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3]  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[4]

Statutory tolling does not apply here because the period of limitation ran out on August 12, 2005, before Petitioner filed

---

[2] 28 U.S.C.S. § 2244(d)(1)(A) (2008).

[3] *Id.* § 2244(d)(2).

[4] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

his state post-conviction petition on November 20, 2006. However, construing Petitioner's filings liberally as it must, the Court addresses Petitioner's possible arguments for equitable tolling--his lack of education in the law and actual innocence.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[5]  Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[6]   And, Petitioner "has the burden of demonstrating that equitable tolling should apply."  Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

First, Petitioner possibly asserts that his lateness should be excused because he lacked legal knowledge.  The argument that a prisoner "had inadequate law library facilities" does not

---

[5] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[6] *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).

3

support equitable tolling.[7]  Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[8]  An argument for equitable tolling based on lack of legal knowledge thus fails.

In another argument for equitable tolling, Petitioner cursorily asserts he is actually innocent.  "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial."[9]  Petitioner has instead done nothing but rehash and attack the evidence at trial.  The Court therefore rejects this basis for equitable tolling.

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances or took specific steps to "'diligently pursue his federal claims.'"[10]  Petitioner thus has not established a basis for equitable tolling.

## II. Procedural Default

---

[7] *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

[8] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[9] *Rose v. Newton-Embry*, No. 05-6245, slip op. at 3 (10th Cir. Sept. 5, 2006) (unpublished).

[10] *Id.* at 930.

In general, before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies in the state court system.[11]  To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[12]  However, because Petitioner neither directly appealed nor appealed from the dismissal of his state post-conviction petition, he raised before the Utah Supreme Court none of the claims he asserts here. His claims are thus unexhausted.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[13]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . © could have been but was not raised at trial or on appeal; (d) . . . could have been, but was not, raised in a

---

[11]*See* 28 U.S.C.S. § 2254(b) & © (2008); *Picard v. Connor*, 404 U.S. 270, 275, 276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998).

[12]*See Picard*, 92 S. Ct. at 512-13; *Knapp*, 1998 WL 778774, at *2-3.

[13]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

previous request for post-conviction relief; or (e) is barred by the [one-year] limitation period . . . ."[14]  The grounds Petitioner raises could have been raised at trial or on direct appeal or in his state post-conviction relief.

The PCRA further states that a state petition for post-conviction relief must be filed within one year of "the last day for filing an appeal."[15]  So, even if Petitioner were to try now to file a state post-conviction-relief petition to effect exhaustion of any of these issues, the statute of limitation has run out and such a petition would not be accepted (barring some possible extreme exceptional circumstance that has not been brought to this Court's attention).

## CONCLUSION

Accordingly, the current petition before the Court was filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.  Alternatively, Petitioner has exhausted none of his claims in the Utah state courts and they are now procedurally barred.

---

[14] "Utah Code Ann. § 78B-9-106(1) (2008); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .") (citation omitted).

[15] Utah Code Ann. § 78B-9-107 (2008).

IT IS THEREFORE ORDERED that this petition is denied because it is barred by the applicable period of limitation, and, alternatively, as procedurally defaulted.

DATED this __20th__ day of March, 2009.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge